KRAMER, Judge,
concurring:
I concur, with the following reservations. The majority’s dictum scattered in various subparts of part II.B.3. seems to suggest that CUE cannot exist with respect to a regional office’s (RO) determination that new and material evidence had not been submitted in that such a determination involves reweighing of evidence in contravention of Russell v. Principi, 3 Vet.App. 310 (1992) (en banc). Ante at 421. I would point out, however, that the question of reopening does *425 not involve a simple factual finding, i.e., weighing of evidence, but rather is a question of law to be determined by application of Manio v. Derwinski, 1 Vet.App. 140 (1991), and its progeny. See Evans v. Brown, 9 Vet.App. 273 (1996); Struck v. Brown, 9 Vet.App. 145, 151 (1996). Moreover, if the record, at the time of the RO’s denial, not only indicates that the claim should have been reopened because the RO misapplied the law regarding reopening, but indeed compels the conclusion that an appellant was entitled to prevail on a merits issue, i.e., an issue affecting outcome such as service connection, CUE should attach. See Caffrey v. Brown, 6 Vet.App. 377, 383 (1994) (CUE errors are “outcome determinative”); Russell, 3 Vet.App. at 313-14 (CUE errors are “errors that are undebatable” and must be based on more than a mere disagreement as to how the RO weighed or evaluated the facts before it).
Furthermore, in subparts II.B.3.a. and c., the majority curiously engages in a complex discussion differentiating between pre- and post-February 1990 law as relates to the denial of highly probative evidence. By way of contrast, the majority goes through a laborious exercise in part II.A. to attempt to demonstrate that somehow the present law as to new and material evidence, as it has evolved as recently as Evans, was the law that existed at least as far back as 1985, when the first of the relevant pre-Veterans’ Judicial Reform Act (VJRA) RO decisions was rendered. Although the majority attempts to justify this dichotomy by drawing a distinction between statutory and case law, it is struggling mightily to have it both ways. In essence, the majority is saying that Evans “found” the law of reopening as it always existed even before the Court’s creation in the VJRA. It is especially ironic, in this regard, that the majority cites both Glynn v. Brown, 6 Vet.App. 523 (1994), and Evans in its decision. In Glynn, the Court stated that all the evidence submitted since a last final merits decision was to constitute new and material evidence. Glynn, 6 Vet.App. at 528-29. Evidence submitted to reopen a claim where reopening was denied remained in an evidence bank to be used again in later attempts to reopen a claim. Id. at 529. Evans changed this rule to permit only evidence submitted since the last final denial, whether merits or otherwise, to count as new and material evidence, thus eliminating the evidence bank. Evans, 9 Vet.App. at 285-86. For the majority, under the circumstances here, to suggest that Evans has been the law since before the Court’s creation, constitutes a tortured attempt to push a square peg through a round hole.
The bottom line is this: CUE requires that a relevant law in existence at the time the RO decision was rendered was improperly applied or not applied and that but for such application or lack of such application, the outcome on a merits issue would be different. It requires no more or no less.